CHASEZ, Judge.
Petitioner, David M. Greenup, has appealed to this court from a decision of the Civil District Court for the Parish of Orleans which denied his application for a Writ of Mandamus. The Writ of Mandamus was applied for because the petitioner alleging that he had no adequate remedy at law, felt that he should seek extraordinary means to enforce his rights. In his Writ he prays that the City of New Orleans and two of its subdivisions, the Board of Zoning Adjustments and the Department of Safety and Permits, be directed to reissue the “Building Permit” previously granted to David M. Greenup for the construction of a building containing six apartments at 1600-1602 Dumaine Street.
The record reveals the following uncon-troverted facts: On August 24, 1966 a building permit was issued by the Department of Safety and Permits of the City of New Orleans to David M. Greenup for the erection of two main buildings with six apartments at 1600-1602 Dumaine Street in the City of New Orleans.
Plaintiff’s petition states that subsequent thereto Herbert A. Miller filed a protest with the Board of Zoning Adjustment and Appeals which protest was heard on November 21, 1967 and sustained. As a consequence of this decision by the Board a *236 letter was directed to Mr. Greenup advising him that the permits were cancelled and ordering him to stop work permanently at 1600-1602 Dumaine Street.
On December 12, 1967, plaintiff petitioned for a Writ of Mandamus to compel the reissuance of a building permit. The judgment on that petition is the one now appealed from.
LSA-R.S. 33:4721 through 33:4729 is the statute which outlines the exercise of police power granted municipalities to establish and enforce zoning regulations. LSA-R.S. 33:4727 allows for the creation of a board of adjustment which shall hear appeals “taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer.” The board of adjustment is granted further specific powers also found in section 4727 of title 33. An appeal from the board of adjustment is allowed as follows:
“ * * * Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board of adjustment and shall prescribe therein the time within which a return may be made and served upon the relator’s attorney, which shall be not less than ten days but which may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from but the court may, on application, on notice to the board and on due cause shown, grant a restraining order. The board of adjustment shall not be required to return the original papers acted upon by it, but may return certified or sworn copies thereof or such portions thereof as may be called for by the writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or in part, or may modify the decision brought up for review. Costs shall not be allowed against the board unless it appears to the court that it acted with gross negligence, or in bad faith, or with malice in making the decision appealed from. All issues in any proceedings under this section shall have preference over all other civil actions and proceedings.” LSA-R.S. 33:-4727.
As clearly stated in the above quoted portion of the statute, Louisiana law allows the district court the right to review a decision of the board of adjustments. The procedure by which an aggrieved party shall seek this review is also clearly prescribed — i. e. “The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.” The court may thereafter allow a writ of cer-tiorari to review the decision of the board.
As the face of plaintiff’s petition shows that no action was taken within the thirty days allowed by R.S. 33:4727, no legal remedy exists by which a review of the decision of the Board of Zoning Adjustment and Appeals may be granted by this or any other court of this State. The conclusion *237 of law reached by the court a qua is in this respect correct.
Likewise, the court was correct in its decision to deny the petition now styled as a Writ of Mandamus. Mandamus as provided for in the Code of Civil Procedure is defined in Article 3861:
“Art. 3861. Definition
“Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864.”
Articles 3863 and 3864 read as follows:
“Art. 3863. Person against whom writ directed
“A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor.”
“Art. 3864. Mandamus against corporation or corporate officer
“A writ of mandamus may be directed to a corporation or an officer thereof to compel:
“(1) The holding of an election or the performance of other duties required by the corporate charter or bylaws or prescribed by law; or
“(2) The recognition of the rights of its members or shareholders.”
In its reasons for judgment, the lower court stated:
“The law is clear that a Writ of Mandamus will only issue to force the public officer to perform a ministerial duty, whereas, as stated hereinabove, the action of the Board of Zoning Adjustments is not a ministerial duty but is a discretionary function which that board has the right to perform.
“In the case of State ex rel. Kreher v. Quinlan [182 La. 721], 162 So. 577, the Court specifically stated:
“It is apparent, from above provisions, that the zoning board of appeal and adjustment, created by the City of New Orleans under the act, is a quasi judicial board, and that the rulings or decisions of the board involve the exercise of the judgment and discretion of its members, after a public hearing. It is clear, therefore, that mandamus will not lie to compel the board to hand down a certain ruling when such ruling involves its discretionary powers. Besides, an adequate remedy is provided for plaintiff in paragraph 3 of section 7 of Act. No. 240 of 1926.
“The Legislature, by providing for a writ of certiorari to review the ruling or decisions of the board, has fully recognized its quasi judicial character, as such writ is directed only to an inferior judge. Code Prac. art. 855.”
The court then concluded on the basis of the above quoted decision that mandamus does not lie in the instant case.
The record in this appeal does not disclose that the trial court erred in its dismissal of this action, as its reasons for judgment clearly state, there being no ministerial duty to be performed a writ of mandamus cannot issue to direct a discretionary function which the board has a right to perform. Therefore, since the legal avenues of appeal have been closed to petitioner, the judgment of the court dismissing his suit is correct and is affirmed. All costs of the appeal to be borne by plaintiff-appellant.
Affirmed.