REDMANN, Judge.
Plaintiff owned a 34-acre tract of land zoned single-family residential under Jefferson Parish’s zoning ordinance. After public notice and hearings in compliance with the ordinance, plaintiff obtained enactment by the Jefferson Parish Council on July 11, 1974 of an ordinance changing the first 500' depth to commercial and the remaining 1900' to light industrial. Then, on November 14, 1974, the council enacted another ordinance, restoring all but the first 200' of depth to single family residential. Plaintiff sued to enjoin enforcement of that last ordinance, and now appeals from the dismissal of its suit on the merits.
We conclude that the initial change was well supported by the situation of the land itself, and that the subsequent reversal was virtually unsupported except by the circumstance that some nearby laiidowners objected. Following Jemison v. City of Kenner, La.App.1973, 277 So.2d 728, writ *362 refused 281 So.2d 753, we therefore reverse and we enjoin enforcement of the later ordinance.
Plaintiff’s property is bounded on the north and west by drainage ditches and on the north and west (across the ditches) and on the south by private lands, subdivided into residential lots (most of them about 300' deep). The property’s only connection to public streets is through Bara-taría boulevard, a major street which lies to the east. One street, Norwood, does run up to the drainage ditch on the property’s north but the ditch would have to be bridged to provide access; and two other streets, Belle court and Lisa, are cul-de-sacs stopping short of plaintiff’s property. Plaintiff’s property extends over 2400' deep from Barataría, and its interior must itself be served by a cul-de-sac. All these circumstances reasonably support the conclusion that the property is largely isolated from other property and therefore would not greatly affect adjoining and adjacent residential property. (The property across Barataría is not residential in use). The circumstances also suggest plaintiff’s property is not readily developable as residential (especially in its portions farthest from Barataría). Accordingly, the original change to commercial and light industrial was amply supported.
Defense counsel asserts three other circumstances as supporting the reversal of the zoning change in addition to the neighbors’ opposition.
The first is that the advisory parish planning commission vote changed from 3-2 in support of the first change to 2-2 with one abstaining in respect to the proposed reversal. Apparently the only change was one adviser who voted for the original change and voted neither for nor against the reversal.
In our opinion this circumstance is of the same category as opposition by a neighboV. The change of an adviser’s vote, like the opposition of a‘neighbor, is not itself material, although the reasons which provoke the change or opposition might be. Those reasons, however, are not shown.
The second added circumstance is that a large landowner meanwhile provoked a change from heavy industrial to residential for 200 acres of a 500 acre tract he was developing. During his presentation to the council he created the impression that he believed there was a more than adequate supply of industrial-zoned land in the parish (though at the trial of this matter he testified there was need for light industrial property). We may observe that even an indisputable conclusion that too much (light) industrial property existed would not justify singling out plaintiff’s property — rather than some other- — to rezone to residential. Moreover, the amount of industrial-zoned property was presumably the same at the time of the first change. Thus the only altered circumstance is that some landowner expressed an opinion (which may even have been misunderstood). This is not a reasonable basis for reversing a reasoned zoning change.
The third circumstance is that, in the opinion of some councilmen, they were misled at the time of the original change into believing that an officer of plaintiff had notified all neighbors of the plans and hearings. In fact the only notice was the published notice required by the ordinance, No. 3813 (as amended) § 28, plus five notices posted in the vicinity by the parish itself, plus two displays of plans placed by plaintiff in a cafe and a gas station nearby. (Intervenors, three neighboring landowners, did not in fact learn of the plans and hearings.) In our opinion, the Council cannot reasonably impose additional notice requirements except by amending the ordinance’s own notice requirements to do so. If notification (say, by letter) to each neighbor is deemed an appropriate requirement by the council, the ordinance should spell out that requirement, so that neither the change-applicant nor Councilmen can *363 misunderstand. We hold that the Council may not lawfully reverse zoning change on the ground that the notice to neighbors was not greater than the law requires.
Jemison, supra, disposes of what appears to be the weightiest factor in the reversal of the change, namely the late-developing opposition of neighbors.
The judgment appealed from is reversed, and the Parish of Jefferson is enjoined from enforcement of its Ordinance No. 11835 of November 14, 1974.