411 So.2d 1240 (1982)
Cleo TASSIN, Plaintiff and Appellant,
v.
CITY OF MARKSVILLE, Defendant and Appellee.
No. 8688.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1982.
Michael Johnson of Bordelon & Johnson, Cottonport, and Maxwell J. Bordelon, Jr., Marksville, for plaintiff and appellant.
Rodney M. Rabalais and Tucker L. Melancon, Marksville, for intervenor and appellee.
Michael F. Kelly, Marksville, for defendant and appellee.
Before CULPEPPER, GUIDRY and STOKER, JJ.
CULPEPPER, Judge.
Plaintiff filed this suit for declaratory judgment to determine the validity of an ordinance of the City Council of the city of Marksville which rezoned plaintiff's property from single family to multi-family residential. Approximately 22 owners of property in the immediate vicinity intervened attacking the validity of the ordinance. The district judge held the ordinance invalid for lack of proper notice of the meeting of the City Council at which the ordinance was adopted. Plaintiff appealed.
The substantial issue is whether the ordinance is invalid for lack of compliance with the provision of the "Marksville Zoning Ordinance" requiring the posting of signs on the property to be rezoned for a period of not less than ten days prior to the hearing at which the City Council considered the rezoning ordinance.
The facts are that in 1972 the city of Marksville adopted a comprehensive zoning ordinance as authorized by LSA-R.S. 33:4721-4729. During August of 1978, the plaintiff, Cleo Tassin, went to the office of the City Council and asked for instructions on the procedure for rezoning his property from Residential A-2 (single family dwelling) *1241 to Residential A-3 (multi-family dwelling). A clerk in that office instructed plaintiff to place advertisements in the local newspaper, which Mr. Tassin did. The clerk did not tell Mr. Tassin about another requirement of the comprehensive zoning ordinance which provides in pertinent part as follows:
"No amendments, supplements, or change of the zoning ordinance or district map shall become effective unless and until... a printed notice in bold type shall have been posted for not less than ten (10) consecutive days prior to the hearing on signs not less than one and one-half (1½) square feet in area prepared, furnished, and placed by the building inspector on each block of each street adjoining the area proposed for a change in zoning classification. Said signs shall contain an accurate statement of the proposed changes and also the time and place of public hearing as provided above. (Emphasis added)."
Plaintiff concedes there was no compliance with the above quoted requirement as to posting of signs. Nevertheless, at the meeting of the City Council held on September 12, 1978, the City Council adopted an ordinance rezoning plaintiff's property from Residential A-2 to Residential A-3.
At a special meeting held on September 19, 1978, the City Council voted to rescind the September 12, 1978 ordinance rezoning the property of Cleo Tassin. There were no signs posted on the property giving notice of the September 19, 1978 meeting. Moreover, there is some question as to whether the minutes of the September 19, 1978 meeting are correct. Certain members of the City Council testified at the hearing in the present case that although they were present at the September 19, 1978 meeting, they did not vote to rescind the September 12, 1978 resolution. For reasons hereinafter explained, this question as to the minutes of the September 19, 1978 meeting does not change our decision.
Plaintiff filed the present suit for declaratory judgment on April 6, 1981. He alleges he has begun foundation work for an apartment building on his property, and he therefore prays for a judgment determining the validity of the September 12, 1978 ordinance.
In reasons dictated into the record at the completion of the hearing, the trial judge finds as follows:
"Well, first of all, I think it's clear that unless the town specifically re, rescinds an ordinance provision, the city of Marksville itself, is bound by the ordinance of procedures. Now, it's clear that the Sept 19, 1978, meeting was an attempt to pass some sort of zoning resolution. You can say it was a, uh, rescinding something, or you can say what you want to, but it was an attempt to zoning resolution. However, the provisions of the ordinance had not been followed; proper notice had not been given; certainly no signs had been posted. So this action by the council on Sept 19, 1978, was not good; it was invalid. So the exception is overruled and denied. I will get to the case-in-chief in coming back to the same problem. We have some admissions here by the plaintiff by non-answer and by admission in open court. Answer of admission by the defendant by answer filed saying that the requirements of Part A, Sec. 8.103 of the Marksville zoning ordinance that was in effect on Sept 12, 1978 concerning the posting of an accurate statement of the proposed zoning change and the time and place of the zoning commission hearing to be held in connection therewith was not complied with prior to the adoption of the zoning ordinance referred to in Paragraph 3 of plaintiff's petition. So, we have here the same problem unless the town of Marksville has specifically rescinded one or more of the provisions of the zoning ordinance. The, then the city of Marksville is bound by this ordinance as are all the other parties. Therefore, since the terms of the zoning ordinance were not followed, in the actions taken on Sept 12, 1978, this attempted zoning resolution is also invalid and void. Now it's unfortunate that Mr Tassin, the plaintiff, followed the advice of a town employee who didn't, I'm sure inadvertantly, but he did not give him complete instructions as to *1242 what the requirements were. Second of all, assuming that the town employee had the actual physical job of posting the signs and did not do it, regardless of who was at fault, the sign was not posted. The terms of the ordinance were not followed. So there we have an invalid attempt to pass the zoning resolution that was on Sept 12, 1978. Now Mr. Tassin has every right to go back to the council of the zoning commission and follow the correct procedure, and I'm sure that if he goes back again, he'll do a little bit more preliminary homework. That's the ruling of the court."
We conclude the trial judge was correct. For cases holding rezoning ordinances invalid for similar reasons see Breaux v. Town of Oberlin, 247 So.2d 195 (La.App. 3rd Cir. 1971); Beauvais v. D. C. Hall Transport, 49 So.2d 44 (La.App. 2d Cir. 1950); Mills v. City of Baton Rouge, 210 La. 830, 28 So.2d 447 (1946); and State ex rel Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502 (1932).
On appeal, plaintiff argues the posting of the signs giving notice to adjoining property owners was actually unnecessary because notice of the meeting was given in the local newspaper and some owners of property in the vicinity had actual notice and appeared at the council meeting on September 12, 1978 to oppose the rezoning. Plaintiff cites no authority to support this argument, and we find none. Failure to give the required notice is fatal to the rezoning ordinance despite the fact that some property owners had actual notice.
Plaintiff also relies on testimony by the town clerk and members of the City Council that other property had been rezoned without complying with the requirements as to posting signs. This argument also has no merit. The fact that the requirements were not met in other cases does not constitute a waiver of the requirement in this case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.