458 So.2d 664 (1984)
KAPLAN TELEPHONE COMPANY, Plaintiff-Appellant,
v.
CITY OF KAPLAN BOARD OF ADJUSTMENT, Defendant-Appellee.
No. 83-1047.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Writ Denied January 7, 1985.
*665 Gary E. Theall, Abbeville, for plaintiff-appellant.
Wade A. Mouton, Kaplan, for defendant-appellee.
Before GUIDRY, STOKER and YELVERTON, JJ.
STOKER, Judge.
This case involves the granting and subsequent rescinding of an action by defendant authorizing a variance permitting the Kaplan Telephone Company to construct a microwave radio communication tower and parking lot on property which has a zoning classification preventing such a tower. We reverse the judgment of the trial court, finding that the action rescinding the variance was improper.
Most of the facts of this case are undisputed, and the parties stipulated to them as follows:
"On August 15, 1979, the KAPLAN TELEPHONE COMPANY requested the Zoning Commission for a change in the zoning classification of Lots 1, 2 and the south one-half of Lot 3 of Block 27 of the City of Kaplan, Louisiana, to construct a 180 foot microwave radio communication tower and parking lot thereon. A notice of public hearing was published pursuant to the statute on September 12, 19, and 26, 1979, seeking to re-zone the property from R-1 residential to R-2 residential. A meeting of the Zoning Committee of the City of Kaplan was held on October 3, 1979, and a public hearing had on the re-classification of the property. Another meeting of the Kaplan Zoning Committee was held on December 5, 1979, wherein reclassification was denied by a unanimous vote. The City Council of the City of Kaplan, after due advertisement, held a public meeting on re-classifation [sic] of the subject property on January 14, 1980. This re-classifaction [sic] was denied. By letter dated January 14, 1980, the KAPLAN TELEPHONE COMPANY requested that, should the request for re-classifacation [sic] be denied, then the BOARD OF ADJUSTMENTS grant to him a variance to install the tower as per his previous request. At a Board of Adjustments meeting on January 14, 1980 the variance was granted. Protesting citizens and their attorney, Paul Hebert, were present at both the meetings on January 14, 1980, and took part in the meetings. No appeal was taken by any of those citizens within the delays provided by law.
"On November 23, 1982, a citizens' group represented by Bernard Marcantel appeared at a meeting of the City Council of the City of Kaplan requesting that the BOARD OF ADJUSTMENTS recognize that the variance granted to the KAPLAN *666 TELEPHONE COMPANY for construction of the microwave tower was invalid. The reasons cited for its invalidity were lack of due notice of the BOARD OF ADJUSTMENTS meeting wherein the variance was granted, and that the action taken could only be done by re-classifaction [sic] of the property under the zoning ordinance which re-classification was specifically denied by the City Council on January 14, 1980.
"A Board of Adjustments meeting was also held on November 23, 1982. The attorney for the citizens' group was again heard and he presented his arguments requesting that the Board of Adjustments recognize the invalidity of the variance. City Attorney, Michael J. Herpin, advised the chairman and board members of the BOARD OF ADJUSTMENTS that in his opinion the variance was illegally granted. The BOARD OF ADJUSTMENTS then voted to rescind the variance previously granted to the KAPLAN TELEPHONE COMPANY to construct a microwave tower.
"By letter dated November 24, 1982, KAPLAN TELEPHONE COMPANY and LYTLE TURNLEY were notified that at the meeting of the BOARD OF ADJUSTMENTS on November 23, 1982, the variance granted on January 14, 1980, was rescinded, and they were no longer authorized to construct a microwave tower or parking lot on the property in question. On December 22, 1982, KAPLAN TELEPHONE COMPANY and LYTLE TURNLEY filed a Petition with the district court to review that decision."
The district court ruled that the variance granted on January 14, 1980 was invalid, and that the Board of Adjustment's action in rescinding the variance on November 23, 1982 was valid. On appeal, the Telephone Company argues several assignments of error which concern two primary issues in this case: (1) Whether the action of the Board of Adjustment on January 14, 1980 granting the variance was valid; and (2) whether the action of the Board of Adjustment on November 23, 1982 rescinding the variance was valid.

GRANTING OF THE VARIANCE
On appeal, counsel for the Telephone Company points out that opponents to the variance had an opportunity to be fully heard at the advertised meetings of the City Council in which re-classification of the property was refused. At the time the variance was granted, the membership of the Board of Adjustment and the City Council was the same. It was stipulated that the opponents of the variance were present and represented at the meetings of the City Council and the Board of Adjustment on January 14, 1980. The Telephone Company argues that because the opponents were fully heard at the various meetings on January 14, the meeting of the Board of Adjustment need not have been advertised as the Board simply announced its decision at that meeting. We disagree.
Even though the membership of the City Council and the Board of Adjustment was the same, it is clear that their meetings were held for different purposes. The issue considered by the City Council was that of re-classification. The issue considered by the Board of Adjustment was whether to grant a variance. Proper advertisement for the City Council meetings was not sufficient to cover that of the Board of Adjustment. Despite the fact that the opponents of the variance had actual notice of the meeting and were present to argue their case, this does not overcome the failure to give the required notice. Tassin v. City of Marksville, 411 So.2d 1240 (La.App. 3d Cir. 1982).
The Board of Adjustment takes the position that its action on January 14, 1980 was patently void and that it correctly recognized such invalidity on November 23, 1982. In considering this position we must take note of the rule of law which holds that zoning ordinances are presumed to be valid and the parties attacking their validity have the burden of proof. Southside Civic Association, Inc. v. Guaranty Savings Assurance Company, 339 So.2d 323 (La.1976). We consider that the same rule *667 should apply to actions of boards of adjustment. Therefore, we must determine whether defendant proceeded properly in its attempt to rescind the variance.
It is undisputed that no appeal was taken from the decision of the Board of Adjustment granting the variance as provided in LSA-R.S. 33:4727(E). Counsel for the Telephone Company takes the position that the failure to appeal precludes any future attack on the granting of the variance. This is true insofar as the approach taken here is concerned. Opponents of action taken by a zoning commission or board of adjustment are not entitled to a review of the merits of the action after appeal delays have expired. See Greenup v. City of New Orleans, 212 So.2d 235 (La.App. 4th Cir.1968).
Since we are of the opinion that the action granting the variance is valid until properly rescinded, we will now consider whether the action of the Board on November 23, 1982 was sufficient to rescind the variance.

RESCINDING OF THE VARIANCE
It is argued on appeal that the Board of Adjustment does not have the authority to review the validity of a previously granted variance, that the Board meeting on November 23, 1982 was conducted without proper notice, and that the rescission of the variance was arbitrary. Because we find that proper notice was not given of the November 23, 1982 meeting, we do not consider whether the Board had the authority to rescind the variance or whether it acted arbitrarily in doing so. We do express doubt as to whether an action may be taken based solely on the objection of nearby landowners. See Carlo Ditta, Inc. v. Parish of Jefferson, 315 So.2d 361 (La.App. 4th Cir.1975), writs denied, 320 So.2d 559, 560 (La.1975).
We now address the question of notice relative to the November 23, 1982 meeting. The comprehensive zoning plan for the City of Kaplan provides for the creation of the Board of Adjustment as set out in LSA-R.S. 33:4727. The zoning plan provides further, "All meetings shall be open to the public and preceded by due advertisement." It appears that the only notice given of the November 23 meeting was a notice posted on the bulletin board outside of the mayor's office in the City Hall. Defendant argues that the Telephone Company had actual notice of the meeting based on the testimony of the current mayor. The mayor testified that he went to the office of Mr. Lytle Turnley, president, general manager and major stockholder of the Telephone Company, and informed him that there was to be a Board of Adjustment meeting to consider whether the variance would be rescinded. The mayor admits that he did not tell Mr. Turnley the date of the meeting because he was not aware of it at the time. Even if this contact can be construed as actual notice to the Telephone Company, the requirements of "due advertisement" are still not met. See Tassin v. City of Marksville, supra.
As previously stated, the Kaplan Board of Adjustment was established pursuant to the provisions of LSA-R.S. 33:4727. That provision provides in part as follows:
"A. (1) The local legislative body may provide for the appointment of a board of adjustment, and in the regulations and restriction adopted pursuant to the authority of R.S. 33:4721 through R.S. 33:4729 may provide that the board may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules contained therein."
One of the specific rules referred to in Section 4727 is LSA-R.S. 33:4724 which sets out the requirements for notice of the public hearings which must be given prior to changes in zoning regulations or restrictions. Notice of the hearing must be published once a week for three weeks in the official journal of the municipality or in a paper of general circulation. Such notice is also required for amendments in regulations and restrictions. LSA-R.S. 33:4725. We are of the opinion that this is the type of "due advertisement" required for the Board of Adjustment's meetings. Since *668 the Telephone Company has timely appealed the action of the Board on November 23, 1982, we find that the action taken on that day in rescinding the variance is invalid.
For the above reasons, the judgment of the trial court upholding the rescission of the variance is reversed.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the Kaplan Telephone Company upholding the granting of the variance.
Costs at trial and on appeal are assessed against defendant-appellee.
REVERSED AND RENDERED.