WATKINS, Judge.
This is an appeal by the defendant City of Mandeville and by intervenors, Ken and Totsy G. Brownson. The appellants complain of a district court judgment in favor of plaintiff Milton Aucoin, which judgment reversed a classification by the Mandeville Zoning Board of a commercial laundry business owned by intervenors as a permissible use in a B-2 district.
FACTS
The appellee Mr. Aucoin concurs in the “Statement of the Case” set forth in the brief of appellant City of Mandeville. We quote the pertinent parts:
This dispute centers around the operation of a commercial laundry by appellant, Ken Brownson, on premises located at 3910 Florida Street, Mandeville, Louisiana. All parties herein concede that this property is located within the municipal limits of the City of Mandeville and is situated for zoning purposes in a B-2 Highway Business District under the provisions of the Mandeville Zoning Ordinance. It is also conceded that the adjoining premises located at 3920 Florida Street and owned by appellee, Milton Au-coin, are also located within a B-2 zoning district.
In the early months of 1985 Mr. Brownson began making plans to purchase the premises located at 3910 Florida Street for the purpose of operating a commercial laundry for the cleaning and pressing of restaurant and hospital linens. In the course of his plans Mr. Brownson contacted Mr. Everett Beher-ens, the Building Inspector of the City of Mandeville, to discuss the renovations to the existing building which would be required in connection with the proposed use of the premises as a commercial laundry. According to Mr. Beherens’ sworn testimony ... he ... had no doubt that the proposed commercial laundry was a permissable [sic] use in a B-2 zoning district as a use similar in charac *715 ter to the uses specifically permitted in that district and he was prepared to issue all necessary building permits for the renovations required to convert the premises in question into a commercial laundry. However, somewhere in the course of the discussions between the City and Mr. Brownson the issue was apparantly [sic] raised as to whether, since a commercial laundry was not denoted among the specifically listed B-2 uses, the question of the propriety of Mr. Brownson’s proposed use should be presented to the Mandeville Zoning Board. Authority for such referral of questions to the Zoning Board is provided by Section 9.202 of the Mandeville Zoning Ordinance, which provides that in carrying out his duties, the building inspector
shall require plans of structures planned and authorization sought by building permits. These plans shall be examined to determine conformity with zoning and building restrictions referred to in this ordinance. He shall issue a building permit when conformity and compliance with the spirit and intent of this ordinance is determined. Application wherein doubt exists shall be referred to the zoning board for hearing and decision.
Based upon that provision of the Zoning Ordinance, Mr. Beherens advised Mr. Brownson to submit to the Mandeville Zoning Board the question of the propriety of the proposed commercial laundry as a permitted use within a B-2 Zoning District. Acting on this advice, Mr. Brown-son made a written request to the Mandeville Zoning Board on February 26, 1985 for a decision as to whether a commercial laundry of the type he proposed would be a permissable [sic] use of the property located at 3910 Florida Street. This request was assigned zoning case no. 85-3-04 by the Zoning Board and was set for hearing and determination at the regularly scheduled meeting of the Zoning Board set for the evening of March 26, 1985. Public notice of the intention to hear this question at the indicated meeting of the Board was duly given by timely publication in the official journal of the City of Mandeville.
The Zoning Board convened its regular meeting of March 26, 1985 and in due course heard the request submitted by Mr. Brownson concerning his proposed use of the premises located at 3910 Florida Street. No one other than Mr. Brownson appeared at the meeting in connection with the case. Mr. Brownson explained to the Board the nature of his intented [sic] use of the property. At the conclusion of his presentation the Board discussed the proposed use and determined that its nature was similar to that of other specifically enumerated B-2 uses and that its effect upon the neighborhood would be less intrusive than many of the specifically permitted uses. The Board then concluded by the unanimous vote of the members present that a commercial laundry of the type proposed by Mr. Brownson was a use similar in character to the specifically enumerated uses set forth in the zoning ordinance as permissable [sic] in a B-2 zone, and declared the proposed commercial laundry to be a permissable [sic] B-2 use.
Based upon the aforesaid determination by the Zoning Board, Mr. Brownson proceeded to finalize the plans for the required renovations to the premises at 3910 Florida Street necessary for the operation of a commercial laundry, and on June 25, 1985 the City’s Building Inspector issued Building Permit No. 1373 to Mr. Brownson for those required alterations. Mr. Brownson thereafter commenced work pursuant to the permit and proceeded with the permitted renovations. On August 22, 1985, prior to the completion of the permitted renovations, Mr. Milton Aucoin, the owner of the premises at 3920 Florida Street adjacent to those of Mr. Brownson’s, formally appealed the issuance of building permit no. 1373. This appeal was taken pursuant to Section 9.4 of the Mandeville Zoning Ordinance, which, in pertinent part, provides that:
Appeals to the [Zoning] board may be taken by any party aggrieved, or by *716 any officer, department, commission, board, bureau or any other agency of the community affected by any decision of the building inspector. Such appeals shall be taken within a reasonable time, as provided by the rules of the board, by filing with the building inspector from whom the appeal is taken, and with the board a notice of appeal specifying the grounds thereof.
The written notice of appeal filed with the City on behalf of Mr. Aucoin stated as the sole grounds [sic] for the appeal his belief that Mr. Brownson’s commercial laundry was not a permitted use in a B-2 zoning district. In other words, the sole basis for Mr. Aucoin’s appeal was the identical issue heard and decided by the Zoning Board at its March 26, 1985 hearing.
Mr. Aucoin’s appeal of building permit no. 1373 was set for hearing before the Zoning Board on the evening of Tuesday, August 27, 1985. The meeting was attended by Mr. Brownson and by Mr. Au-coin, along with several residents of the residential neighborhood which backs onto the opposite side of Florida Street to Mr. Brownson’s and Mr. Aucoin’s premises. Additionally, Mr. Aucoin was represented at that meeting by his attorney, Mr. Henry Hoppe. In the course of this hearing Mr. Brownson again explained the nature of his commercial laundry operation. There was lengthy public comment concerning the laundry. At least five of the seven members of the Zoning Board, namely Mr. Sollberger, Mr. Mar-ciente, Mr. Mitchell, Mr. Roberts and Mr. Lindbloom, discussed the factors considered by them in reaching their conclusion the previous March that the proposed laundry was a permitted B-2 use. Among those enumerated factors were the nature of the proposed use and its similarity to specifically permitted uses of laundromats and clothes pressing and repair and the less severe impact that the laundry would have on the neighborhood and the City as opposed to other types of permitted B-2 uses such as restaurants filling stations, garages and nightclubs. The Board then voted, again unanimously, to dismiss the appeal brought by Mr. Aucoin and to re-affirm the issuance by the building inspector of building permit no. 1373. On October 7, 1985, forty-one days after the hearing and decision of the appeal of the issuance of building permit no. 1373 and one hundred ninety five days after the Zoning Board’s determination that the commercial laundry proposed by Mr. Brownson was a permitted B-2 use, Mr. Aucoin instituted judicial proceedings challenging both the determination on March 26, 1985 that the commercial laundry was a permitted B-2 use and, on those same grounds, the denial by the Zoning Board of his appeal of the issuance of building permit no. 1373.
PRESCRIPTION
This case reached the district court level on October 7, 1985, when Mr. Aucoin filed a petition for review. His petition called into question the two separate and distinct decisions of the Mandeville Zoning Board: that of March 26, 1985, interpreting the zoning ordinance of the City of Mandeville as allowing a commercial laundry as a permitted use within a B-2 zoning district; that of August 27, 1985, dismissing Mr. Aucoin’s appeal of the issuance of building permit No. 1373. The City of Mandeville responded by filing an exception of prescription, wherein the city urged that Mr. Aucoin’s action was barred by the provisions of LSA-R.S. 33:4727E(1). That statute provides:
E. (1) Any person or persons jointly or severally aggrieved by any decision by the board of adjustment, of any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.
The decision of the Mandeville Zoning Board that a commercial laundry as de *717 scribed by Mr. Brownson was a permitted use within a B-2 district was made at the monthly meeting of the board on March 26, 1985. When the trial court heard the defendant’s exception of prescription, the board’s secretary, Mrs. Hazel M. Sanders, testified that the minutes of zoning board meetings are generally approved at the next following regular monthly meeting of the board. The meeting following the March meeting was held on April 23, 1985. The minutes of that meeting were introduced into evidence, and those minutes reflect the board’s approval and acceptance of the minutes of the March 26th meeting. Consequently, the latest date by which a challenge of the board’s decision could have been filed was May 24, 1985. Since plaintiff did not file until October 7, 1985, defendant’s exception of prescription should not have been overruled by the trial court. LSA-R.S. 33:4727E(1); Kaplan Telephone Co. v. City of Kaplan Board of Adjustment, 458 So.2d 664 (La.App. 3d Cir.), writ denied, 462 So.2d 210 (La.1984); Greenup v. City of New Orleans, 212 So.2d 235 (La.App. 4th Cir.1968).
None of the events which occurred after May 24, 1985, the date on which prescription tolled, had any effect on Mr. Aucoin’s prescribed action. Neither the issuance of the license by the building inspector, nor the petition for appeal to the zoning board, nor the board's dismissal of the appeal interrupted or suspended prescription. At the time the City of Mandeville issued building permit No. 1373 to Mr. Brownson (June 25, 1985) and at the time Mr. Aueoin appealed to the zoning board for a review of the permit (August 22, 1985), the period for judicial review of the March 26th zoning decision had expired. Opponents of an action taken by a zoning board are not entitled to a review of the merits of the action after appeal delays have expired. Kaplan Telephone Co. v. City of Kaplan Board of Adjustment, supra, Greenup v. City of New Orleans, supra.
Accordingly, we reverse the judgments of the trial court and render judgment against the plaintiff Mr. Aueoin, dismissing his petition at his costs. Appellee is cast for costs of this appeal.
REVERSED.