STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1328

LIVINGSTON SUITES, LLC

VERSUS

CITY OF MANDEVILLE PLANNING AND ZONING COMMISSION
AND CITY OF MANDEVILLE

Judgment Rendered: ___JUN 2 7 2023___

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2021-14162

The Honorable August J. Hand, Judge Presiding

Pedro F. Galeas
New Orleans, Louisiana

Counsel for Plaintiff/Appellant,
Livingston Suites, LLC

David B. Parnell, Jr.
Elizabeth S. Sconzert
Mandeville, Louisiana

Counsel for Defendants/Appellees,
City of Mandeville Planning and
Zoning Commission and City of
Mandeville

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

Wolfe, J. Concurs.

**MILLER, J.**

This matter is before us on appeal by plaintiff, Livingston Suites, LLC, from a judgment of the trial court sustaining a peremptory exception of prescription in favor of defendants, the City of Mandeville Planning and Zoning Commission and the City of Mandeville, and dismissing its claims. For the reasons that follow, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

On September 30, 2021, Livingston Suites, LLC ("Livingston") filed a petition for relief against the City of Mandeville Planning and Zoning Commission ("the Zoning Commission") and the City of Mandeville from a denial of its request to re-zone a certain piece of property containing a four-unit multifamily structure, from an R-1 to an R-3 classification.[1] Livingston alleged that its request for reclassification of the zoning designation was denied by the Zoning Commission on June 22, 2021. Livingston further alleged that the Mandeville City Council agreed with the decision of the Zoning Commission and, as a result, refused to place Livingston's application for reclassification of zoning on their agenda. Alternatively, Livingston sought monetary damages contending that the defendants' denial of its zoning reclassification request amounts to a regulatory taking for which the defendants are required to pay just compensation. Livingston contends that the defendants' actions arbitrarily and capriciously deprived it of reasonable and proper use of its property, and thus prayed for a judgment either reclassifying the zoning for the property as R-3; remanding the matter to the Mandeville City Council to change the zoning designation; or awarding Livingston a judgment for the true market value of its property.

---

[1] Livingston alleged that the property suffered flood damage in 2012 and has been vacant ever since, causing the loss of its R-3 zoning designation. Livingston contends that it purchased the property in 2019 hoping to repair and restore the property to its former use.

The defendants answered the petition and filed a peremptory exception of prescription seeking dismissal of Livingston's suit. In their exception, the defendants focus on the timeliness of Livingston's challenge to the Zoning Commission's decision. In support, the defendants contended that Livingston attended the June 22, 2021 meeting and thus became aware of the denial of its request at that time. The defendants further contended that the minutes from the June 22, 2021 meeting were formally adopted at the July 27, 2021 Zoning Commission meeting and were made available to the public in certified form on July 28, 2021. Thus, the defendants contended that even utilizing the later date, pursuant to La. R.S. 33:4727(E)(1), Livingston had thirty days from July 29, 2021, to file its petition, making the filing due on Monday, August 30, 2021.[2] Accordingly, the defendants concluded that Livingston's petition filed on September 30, 2021, was untimely on its face.

At a hearing on April 21, 2022, the trial court agreed and granted the exception. On May 24, 2022, the trial court signed a judgment sustaining the exception of prescription and dismissing the claims in Livingston's petition with prejudice. It is from this judgment that Livingston appeals.[3] Pursuant to an interim

---

[2]The defendants further acknowledged Governor Edwards' Proclamation Number 170, which extended certain legal deadlines due to Hurricane Ida. The defendants contended that although the proclamation did not apply to Title 33 of Louisiana Revised Statutes, even if it had, prescription would have run on September 27, 2021.

[3]The May 24, 2022 judgment granted the "Movant's" exception of prescription and "dismisse[d] the claims of Petition." During the pendency of this appeal, this court issued an interim order noting that pursuant to La. C.C.P. art. 1918(A), a final judgment shall be identified by appropriate language and shall, in its decree, identify the name of the party in whose favor the relief is awarded, the name of the party against whom relief is awarded, and the relief that is awarded. See D'Luca v. Kirkland, 2020-0713, 2020-0714 (La. App. 1st Cir. 2/19/21), 321 So. 3d 411, 413. The interim order also pointed out that in a case with multiple defendants and claims, the failure to name the defendants against whom the judgment is rendered and the failure to specify which claims are dismissed makes the judgment fatally defective. See Rushing v. Southeastern Louisiana University, 2020-0669, 2020-0672 (La. App. 1st Cir. 3/29/21), 2021 WL 1170451, *2-3 (unpublished).

Applying these precepts to the instant case with multiple defendants and multiple claims, this court found the judgment defective where it failed to indicate which claims were dismissed against which defendant. This court further found the judgment deficient where it failed to properly identify the party in whose favor the relief is awarded, i.e., the "Movant." This court thus remanded the matter to the trial court with instructions to correct the foregoing deficiencies

order of this court noting certain deficiencies in the judgment, an amended judgment, signed on May 31, 2023, was issued by the trial court and supplemented in the record before us.

## DISCUSSION

Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Ordinarily, a party urging an exception of prescription bears the burden of proving that the prescriptive period has elapsed. Brecheen v. Skok, 2022-0624 (La. App. 1st Cir. 12/22/22), ___ So. 3d ___, ___, 2022 WL1784396, *1, writ denied, 2023-00404 (La. 5/16/23), __ So. 3d __, 2023 WL 3476102. However, if the petition is prescribed on its face, the burden shifts to the plaintiff to show that his action is not prescribed. Templet v. State through Department of Public Safety and Corrections, 2019-0037 (La. App. 1st Cir. 11/15/19), 290 So. 3d 187, 191.

Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. Evidence not properly offered and introduced cannot be considered, even if it is physically placed in the record. For example, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Denoux v. Vessel Management Services, Inc., 2007-2143 (La. 5/21/08), 983 So. 2d 84, 88. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. Duckworth v. Louisiana Farm Bureau Mutual Insurance Company, 2011-2835 (La. 11/2/12), 125 So. 3d 1057, 1072.

---

and to issue and amended judgment, which complies with La. C.C.P. art. 1918. See La. C.C.P. arts. 1918(A), 1951, and 2088(A)(12).

The record before us was subsequently supplemented with an amended judgment signed by the trial court on May 31, 2023. The amended judgment corrected the previous judgment by properly identifying the parties. The amended judgment further held that "Plaintiff's petition is prescribed" and dismissed "plaintiff's petition."

In this case, both sides attached documents to their respective memoranda in support of and in opposition to the exception. However, the referenced documents do not constitute evidence, and since not admitted, cannot be considered on appeal. See Alliance Hospital, L.L.C. v. Esquivel, 2020-0807 (La. App. 1st Cir. 2/24/21), 322 So. 3d 253, 256, citing Denoux, 983 So. 2d at 88; Templet, 290 So. 3d at 191. At the hearing, the defendants introduced, without objection, the affidavit of Alexander Weiner, Secretary of the Zoning Commission, to which the minutes of the June 22, 2021 and July 27, 2021 Zoning Commission meetings were attached.[4] No other evidence was introduced.

At the outset, Livingston contends on appeal that its claim is not prescribed because the Zoning Commission's vote with reference to the zoning request was not a "decision," but instead, was merely a recommendation that the Mandeville City Council could consider when making its decision. Livingston argues that the City of Mandeville is the decision maker, through its city council, which possesses the ultimate authority to determine whether a zoning request should be granted. Livingston contends that this matter should be remanded to the Mandeville City Council to make a formal decision as to whether its request should be granted.

In support of its argument that the only authority vested in the Zoning Commission is the authority to make *recommendations* to the city council, Livingston relies on Subsection (1) of Section 2.2.7 of the City of Mandeville Code of Ordinance's Comprehensive Land Use Regulation Ordinance. Section 2.2.7 provides as follows:

> The Zoning Commission shall exercise all of the powers and duties conferred by Louisiana R.S. 33:4721 through R.S. 33:4729 inclusive and shall exercise all powers and duties which are now or may hereafter be assigned to it by City Charter, these Land Use Regulations or any other ordinance of the City Council, including but not limited to the following:

---

[4]Although the affidavit is signed by Mr. Weiner, it is not notarized or dated.

1. Recommend to the City Council, after public hearing before the Zoning Commission, the boundaries of the various zoning districts as well as the restrictions and regulations to be enforced therein, and any supplements, changes or modifications thereof.

2. Make recommendations to the City Council regarding the zoning of parcels of land upon annexation into the City.

A reading of the entire ordinance, however, reveals that it is not nearly as restrictive as Livingston suggests. In addition to authorizing the Zoning Commission to make recommendations to the city council, the ordinance provides that the Zoning Commission shall exercise all powers and duties conferred by La. R.S. 33:4721 through R.S. 33:4729 and its Land Use Regulations.

Pursuant to La. R.S. 33:4727(C)(3)(c), a board of adjustment has the authority to "vary or modify" zoning regulation applications "so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done." Louisiana Revised Statute 33:4727.1 specifically permits the board of aldermen of the City of Mandeville to authorize the Zoning Commission of the City of Mandeville "to exercise any or all powers, duties, and responsibilities which may be exercised under the provisions of R.S. 33:4727 by a board of adjustment." Moreover, Section 2.2.8 of the City of Mandeville Code of Ordinance's Comprehensive Land Use Regulation Ordinance provides that, under the authority of La. R.S. 33:4727.1, "the Zoning Commission of the city of Mandeville shall continue to exercise the powers, duties and responsibilities which may be exercised by a Board of Adjustments and Appeals under the provisions of Louisiana R.S. 33:4727."[5]

Interpreted together, the statutes and local ordinances above clearly vest the Zoning Commission with the authority to "vary or modify" zoning regulation

---

[5]With reference to regulations governing the use of buildings, La. R.S. 33:4721 provides that buildings may be regulated for the purpose of promoting health, safety, morals, or the general welfare of the community. In regulating the use of a building, acts of the zoning commission, board of adjustment, or zoning administrator shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process. La. R.S. 33:4721.

applications. See La. R.S. 33:4727(C)(3)(c), La. R.S. 33:4727.1, and Sections 2.2.7 and 2.2.8 of the City of Mandeville Code of Ordinance's Comprehensive Land Use Regulation Ordinance. Livingston has provided this court with no authority in support of its contention that "[t]he actual decision maker in this matter is the Mandeville City Council." As such, we find no merit to Livingston's argument that the Zoning Commission did not have the authority to consider its application requesting a variance and that its decision to deny same was merely a recommendation to the city council.

As to the timeliness of Livingston's petition, La. R.S. 33:4727(E)(1) provides that any person aggrieved by any decision by the board of adjustment may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court **within thirty days after the filing of the decision in the office of the board**. La. R.S. 33:4727(E)(1).

As noted by the defendants, "the filing of the decision in the office of the board" is not defined in La. R.S. 33:4727(E)(1) or elsewhere in Title 33 of the Louisiana Revised Statutes. Nonetheless, this statutory language has been interpreted by this Court to mean within thirty days of the acceptance, approval, and adoption of the minutes of the zoning board meeting. See Aucoin v. City of Mandeville, 552 So. 2d 714, 717 (La. App. 1st Cir. 1989) (where the meeting of the zoning board was held on March 26, 1985, and the minutes of that were subsequently accepted, approved, and adopted on April 23, 1985, pursuant to La. R.S. 33:4727(E)(1), the latest day that a challenge of the zoning board's decision could have been filed was May 24, 1985).

The affidavit of Mr. Weiner and attached minutes introduced at the hearing established that the Zoning Commission denied Livingston's request for a variance

at its June 22, 2021 meeting. The minutes of the June 22, 2021 meeting were unanimously approved and adopted at the Zoning Commission meeting on July 27, 2021.[6] Consequently, the latest date a petition challenging the Zoning Commission's decision could have been filed was Monday, August 30, 2021, because August 28, 2021, was a Saturday. Livingston did not file its petition until September 30, 2021.[7] Pursuant to La. R.S. 33:4727(E)(1), the petition was not timely filed. See Aucoin, 552 So. 2d at 717; see also Duhe v. East Baton Rouge Parish Planning and Zoning Commission, 2012-0271 (La. App. 1st Cir. 11/2/12), 2012 WL 5386404, *2 (unpublished) (finding a petition challenging a decision of the board of adjustment untimely where it was not appealed within thirty days of the date the decision was filed in the Board's office pursuant to La. R.S. 33:4727(E)(1)).

Opponents of an action taken by a zoning board are not entitled to a review of the merits of the action after appeal delays have expired. Aucoin, 552 So. 2d at 717. Thus, where Livingston's appeal delays expired prior to the filing of its petition, we find no error in the judgment of the trial court finding Livingston's challenge to the Zoning Commission's decision prescribed.

As previously mentioned, in addition to its claim for relief from the zoning decision, Livingston alternatively brought a claim, which was styled as a "regulatory taking" claim, seeking damages. In their exception, although the defendants primarily addressed the timeliness of their challenge to the zoning decision, they concluded that "[Livingston's] suit for Relief and, alternatively, Damages is prescribed on its face," and sought dismissal of Livingston's entire

---

[6]Mr. Weiner attested that the Zoning Commission meetings are recorded and that audio and video of the meetings are available for public viewing immediately following the meeting. He further attested that audio and video from each meeting is placed on the internet for public access viewing. Mr. Weiner stated that the minutes from the meetings are available for viewing prior to their adoption.

[7]Livingston does not challenge computation of the time delays on appeal. Nonetheless, as we previously noted, had Governor Edwards' Proclamation Number 170 suspending legal deadlines applied to these proceedings, prescription would have run on September 27, 2021.

suit. Moreover, the amended judgment before us on appeal dismisses the entirety of the claims in Livingston's petition with prejudice.

Livingston's alternative claim for damages as a result of a regulatory taking, however, is subject to a three-year prescriptive period. La. R.S. 13:5111(A) ("Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking."). Livingston alleges that the purported regulatory taking occurred when the defendants denied its request for a reclassification of zoning. Thus, the earliest possible date that Livingston's request could be considered as denied was June 22, 2021, when its request was denied at the Zoning Commission meeting. As such, on the face of the petition, this claim remains viable.[8] No evidence or argument was presented to the trial court to suggest otherwise. Accordingly, to the extent that the trial court found that Livingston's regulatory taking claim was prescribed, we find the trial court erred.

## CONCLUSION

For the above and foregoing reasons, the portion of the May 31, 2023 amended judgment of the trial court dismissing Livingston's claim for relief from the decision of the Zoning Commission as prescribed is affirmed. The portion of the May 31, 2023 judgment of the trial court dismissing Livingston's claim for damages for a regulatory taking as prescribed is reversed.

Costs of this appeal are assessed one half to the plaintiff/appellant, Livingston Suites, LLC, and one half to the defendants/appellees, the City of Mandeville Planning and Zoning Commission and the City of Mandeville.

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[8]The determination that this claim has not prescribed, should in no way be construed as an indication as to the claim's ultimate merit.

9